**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT F. SCHUTTER and CHERYL** | : | **MISC. NO. 4:12-MC-0268** |
| **L. SCHUTTER, Individually and as** | : | |
| **Parents and Next of Friends of JAKE** | : | **(Judge Conner)** |
| **SCHUTTER, a minor,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **EASTON SPORTS, INC., d/b/a** | : | |
| **EASTON-BELL SPORTS, INC., a** | : | |
| **foreign corporation,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 17th day of October, 2012, upon consideration of the motion

to quash third-party subpoena (Doc. 1) filed by non-party Little League Baseball,

Incorporated ("LLB"), on July 24, 2012, wherein LLB moves pursuant to Federal

Rule of Civil Procedure 45 to quash the subpoena issued in this court directing LLB

to provide documents to plaintiffs at an address in Chicago, Illinois (see Doc. 2,

Ex. G),[1] on grounds that: (1) the subpoena is facially defective; (2) the subpoena is

unduly burdensome, and (3) the subpoena requires disclosure of confidential

information (Doc. 2, at 7-16), and it appearing that under Federal Rule of Civil

---

[1] The subpoena specifically requests the production of "Any and all writings
and/or documentation, electronic and/or otherwise, including but not limited to
studies, data and/or reports from the University of Massachusetts-Lowell, regarding
Little Leagues's decision to ban and/or limit the use of metal and/or composite bats
for the past five (5) years for little league, junior league and/or senior league
baseball players." (Doc. 2, Ex. G).

Procedure 45(a)(2), "[a] subpoena must issue . . . for production or inspection, . . . ,
from the court for the district where the production or inspection is to be made,"
FED. R. CIV. P. 45(a)(2)(C), and the court finding that "'[p]roduction' refers to the
delivery of documents, not their retrieval, and therefore 'the district in which the
production . . . is to be made' is not the district in which the documents are housed
but the district in which the subpoenaed party is required to turn them over," Hay
Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 412 (3d Cir. 2004), and the
court concluding that the third-party subpoena which directs the production of
documents in Chicago, Illinois (see Doc. 2, Ex. G (requesting production at 33 North
LaSalle Street, Suite 2000, Chicago, IL 60602))—which is clearly not within the
Middle District of Pennsylvania—is facially defective and unenforceable, see
TattleTale Portable Alarm Sys. v. Calfee, Halter & Griswold, LLP, Civ. A. No. 11-
7013, 2012 U.S. Dist. LEXIS 50102, at *12-14 (D.N.J. Apr. 10, 2012) (finding facially
defective and unenforceable pursuant to Rule 45(a)(2) a subpoena issued in the
District of New Jersey to a non-party located within the district but calling for the
production of documents in Columbus, Ohio); Ace Hardware Corp. v. Celebration
Ace Hardware, LLC, Misc. A. No. 09-109, Civ. No. 09 cv 66, 2009 WL 3242561, at *2
(D. Del. Oct. 8, 2009) (subpoena issued in District of Delaware to non-party
Delaware corporation requesting production of documents in Illinois deemed

"invalid on its face under Rule 45 because [the District of Delaware] cannot compel the return of documents outside its jurisdiction"),[2] it is hereby ORDERED that:

1.  The motion to quash third-party subpoena (Doc. 1) filed by non-party Little League Baseball, Incorporated is GRANTED.

2.  The subpoena (Doc. 2, Ex. G) is QUASHED.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Having determined that the subpoena is facially invalid, the court need not address LLB's remaining grounds to quash the subpoena.