# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT F. SCHUTTER** and **CHERYL L. SCHUTTER**, Individually and as Parents and Next of Friends of **JAKE SCHUTTER**, a minor, | MISC. NO. 4:12-MC-0268 <br><br> (Judge Conner) |
| **Plaintiffs** | |
| v. | |
| **EASTON SPORTS, INC.,** d/b/a **EASTON-BELL SPORTS, INC.,** a foreign corporation, | |
| **Defendants** | |

## **ORDER**

AND NOW, this 17th day of October, 2012, upon consideration of the motion to quash third-party subpoena (Doc. 1) filed by non-party Little League Baseball, Incorporated ("LLB"), on July 24, 2012, wherein LLB moves pursuant to Federal Rule of Civil Procedure 45 to quash the subpoena issued in this court directing LLB to provide documents to plaintiffs at an address in Chicago, Illinois (see Doc. 2, Ex. G),[1] on grounds that: (1) the subpoena is facially defective; (2) the subpoena is unduly burdensome, and (3) the subpoena requires disclosure of confidential information (Doc. 2, at 7-16), and it appearing that under Federal Rule of Civil

---

[1] The subpoena specifically requests the production of "Any and all writings and/or documentation, electronic and/or otherwise, including but not limited to studies, data and/or reports from the University of Massachusetts-Lowell, regarding Little Leagues's decision to ban and/or limit the use of metal and/or composite bats for the past five (5) years for little league, junior league and/or senior league baseball players." (Doc. 2, Ex. G).

Procedure 45(a)(2), "[a] subpoena must issue . . . for production or inspection, . . . , from the court for the district where the production or inspection is to be made," FED. R. CIV. P. 45(a)(2)(C), and the court finding that "'[p]roduction' refers to the delivery of documents, not their retrieval, and therefore 'the district in which the production . . . is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over," Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 412 (3d Cir. 2004), and the court concluding that the third-party subpoena which directs the production of documents in Chicago, Illinois (see Doc. 2, Ex. G (requesting production at 33 North LaSalle Street, Suite 2000, Chicago, IL 60602))—which is clearly not within the Middle District of Pennsylvania—is facially defective and unenforceable, see TattleTale Portable Alarm Sys. v. Calfee, Halter & Griswold, LLP, Civ. A. No. 11-7013, 2012 U.S. Dist. LEXIS 50102, at *12-14 (D.N.J. Apr. 10, 2012) (finding facially defective and unenforceable pursuant to Rule 45(a)(2) a subpoena issued in the District of New Jersey to a non-party located within the district but calling for the production of documents in Columbus, Ohio); Ace Hardware Corp. v. Celebration Ace Hardware, LLC, Misc. A. No. 09-109, Civ. No. 09 cv 66, 2009 WL 3242561, at *2 (D. Del. Oct. 8, 2009) (subpoena issued in District of Delaware to non-party Delaware corporation requesting production of documents in Illinois deemed

"invalid on its face under Rule 45 because [the District of Delaware] cannot compel the return of documents outside its jurisdiction"),[2] it is hereby ORDERED that:

1. The motion to quash third-party subpoena (Doc. 1) filed by non-party Little League Baseball, Incorporated is GRANTED.

2. The subpoena (Doc. 2, Ex. G) is QUASHED.

                                                                S/ Christopher C. Conner
                                                             CHRISTOPHER C. CONNER
                                                             United States District Judge

---

[2] Having determined that the subpoena is facially invalid, the court need not address LLB's remaining grounds to quash the subpoena.